WILLIAM PRESTON, ET AL., *v.* CHARLES OBST.

**Street Assessments—City's Exorbitant Assessments—Pleading and Proof.**
Private property cannot be confiscated through exorbitant assessments, but it is always presumed that the property taxed is benefited at least to the extent of the assessment, and the taxpayer resisting the collection on this ground must aver and prove facts showing that his property is not so benefited.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 23, 1875.

OPINION BY JUDGE LINDSAY:

The first objection urged to appellee's claim is that the ordinance provides for the improvement of only a portion of the alley. Sec. 12 of the city charter authorizes public ways to be improved "as may be prescribed by ordinance," and there is no limitation upon the power of the general council to designate by ordinance what part of the public way shall be improved.

The second objection urged is that the ordinance or resolution assessing and apportioning the cost among the property owners, was erroneous, because the tax district did not comprise one-fourth of a square. This error was corrected by the vice-chancellor; but appellant insists that he had no power to make the correction, because the apportionment is in the nature of a legislative act. The taxes necessary to pay the cost of a street improvement are not imposed by the general council nor the courts. The legislative enactment, to which the municipality owes its existence, rewarded by any municipal ordinance, imposes upon the property owners the duty of paying their proportions of the expense "incurred in making an improvement, when it has been made pursuant to the provisions of the city charter." *Broadway Baptist Church, et al., v. McAtee & Casselly, et al.,* 8 Bush 508. In apportioning the costs among the taxpayers, the general council ascertains who are liable to pay and the amount imposed by law upon each person who is liable. The correction of the apportionment and the ascertainment of who are legally liable to the tax, are the performance of acts *quasi*-judicial

in their nature, and may be properly performed by the chancellor. In the Broadway Baptist Church case, the apportionment was held to be a ministerial act, subject to judicial revision. 8 Bush 508. The limits of the tax district were corrected according to the plan indicated by appellant's, Preston's, principal witness, and redounded greatly to her advantage. We regard the apportionment as correct, and are of opinion that neither of the appellants can complain on account of the action of the chancellor in that regard. No objection was made to the apportionment of the assistant engineer as a special commissioner, and no reason personal to him is now suggested why this report should not have been confirmed and made the basis of the vice-chancellor's apportionment.

The third objection is that a personal judgment ought not to have been rendered, and that no interest should have been allowed. The question as to the personal liability of the taxpayer was considered in the Baptist church case, and this court held him to be personally liable. Under the peculiar provisions of the city charter, such being the case, when he refuses to discharge a personal liability, he has no right to complain at being required to pay interest from the date of his default.

The fourth objection is that the assessment is so exorbitant as to show a virtual confiscation of Preston's lots. The presumption, in all cases, is that the property taxed is benefited, at least to the extent of the assessment against it. The taxpayer, resisting the payment of his tax on the ground that it is not so benefited, must raise the issue by his answer. No such issue is raised in this case. Appellant Preston insists that he should have recovered on his counterclaim. He says that he was greatly damaged by the wrongful acts of appellee, which consisted in his entering upon appellant's lots adjoining the alley, and in erecting embankments and supports for the fill constructed in the alley, and in leaving on said adjoining property great quantities of earth. At most, the entry upon the unoccupied lots would entitle appellant to the nominal damages, and the proof that he adduced tends to show that the placing and leaving earth on the lots was an advantage, rather than an injury, to them, Neither of the appellants prosecuting an appeal on this record are entitled to a reversal. Wherefore the judgment against Preston, Gross, Schmitt, Meyler and Eckstel Kemper, Bede Kemper, Litch, Otto, Haag, Vonseggen & Jefferson, and each and all, are *affirmed*.

*Barr, Goodloe, Humphreys, for appellants.*
*Hanson, M. Grain, for appellee.*